**UNITED STATES of America, Appellant,**

**v.**

**Henry S. BRANSCOME, Appellee.**

**UNITED STATES of America, Appellant,**

**v.**

**Perry L. CARLTON, Jr., Appellee.**

**Nos. 82–5006, 82–5007.**

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1982.

Decided June 30, 1982.

William G. Otis, Sp. Asst. U. S. Atty., Alexandria, Va. (Elsie L. Munsell, U. S. Atty., Alexandria, Va., Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., on brief), for appellant.

William J. Murphy, Washington, D. C. (Vincent J. Fuller, Barry S. Simon, Williams & Connolly, Washington, D. C., Anthony F. Troy, Mays, Valentine, Davenport & Moore, Milton P. Miller, Elizabeth A. Flournoy, Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

The district court dismissed two indictments because the grand jury which re-

turned them was organized in violation of the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. § 1861–76. The violation consisted of asking for volunteers to serve on the grand jury from the pool of prospective jurors who had been randomly selected. Each prospective juror who volunteered was permitted to serve,[1] and the full complement of the grand jury was thereafter filled by random selection. In each case, the government appeals, and we affirm.

The district court assigned three reasons for its ruling, any one of which would support the result.[2] First, the district court ruled that the practice of selecting volunteers diminishes the likelihood that a fair cross section of the community will be represented on a given grand jury. We do not accept the validity of this reason on the record before us. It represents a finding of fact, and there was no evidence that volunteer grand jurors represented or were likely to represent a disproportionate number of the identifiable segments of the community. It is, however, unnecessary to remand the case for the taking of evidence on this issue because we are in agreement with the district court that (1) selection of volunteers introduces a subjective criterion for grand jury service not authorized by the Act, and (2) the selection of volunteers results in a non-random selection process in violation of the Congressional intent that random selection be preserved throughout the entire selection process.

Except as noted, we affirm the judgment of the district court for the reasons assigned by it. *United States v. Branscome*, 529 F.Supp. 556 (E.D.Va.1982).

AFFIRMED.

---

1. There were at least five volunteer jurors and possibly six.

2. The reasons were articulated in No. 82–5006. In No. 82–5007, the district court, presided over by a different district judge, followed and relied on the opinion in No. 82–5006.